NO. 07-03-0166-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 11, 2003



______________________________




IN RE ROBERT H. MILLER, RELATOR



_________________________________







Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Robert H. Miller has filed a pleading denominated as Appellant's Motion to Compel
the State to File, Process and Respond to Appellant's Application for Writ of Habeas
Corpus, to Stop Denying Appellant Access to the Courts and Justice. He seeks an order
directing the district clerk of Lynn County to file and process an application for writ of
habeas corpus which Miller allegedly filed with the clerk on January 25, 2003. Miller does
not urge in his motion that he is appealing from an order or other action of a trial court. 
Thus, we consider his motion as an original proceeding seeking a writ of mandamus
directing the district clerk of Lynn County to perform certain actions.

 Miller's motion does not comply with Tex. R. App. P. 52.2, 52.3 or 52.7. Moreover,
the motion does not seek to invoke this court's appellate jurisdiction or to protect this
court's jurisdiction. We do not have authority to issue mandamus directed to the clerk
under the facts and circumstances alleged. See Tex. Gov't. Code Ann. § 22.221. 

 We deny the motion. Tex. R. App. P. 42.3. 


 Phil Johnson

 Chief Justice





 

 



he would try to
complete the record by September 1, 2004. The record has not been filed and we have
had no further contact by the court reporter. 

 The trial court and an appellate court are jointly responsible for ensuring that an
appellate record is filed. Tex. R. App. P. 35.3(c). Among other duties, the trial court must
"help ensure that the reporter's work is timely accomplished by setting work priorities," and
may appoint a deputy reporter when the official court reporter is unable to perform the
duties. Tex. R. App. P. 13.3 and 13.5.

 Accordingly, we abate the appeal and remand the cause to the 99th District Court
of Lubbock County for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine: 


 whether Deborah Reeves is unable to prepare and file the reporter's
record within 30 days from the date of hearing; or 
 whether the trial court should appoint a deputy reporter to prepare
and file the reporter's record within 30 days from the date of hearing. 


 

 The trial court shall cause the hearing to be transcribed. The trial court also shall
enter any and all orders necessary to assure the timely completion of the reporter's record
in this appeal. So too shall it prepare and file its findings and orders and cause them to be
included in a supplemental clerk's record. In addition, the trial court shall cause the
transcription of the hearing to be included in a supplemental reporter's record. Both the
supplemental clerk's record and supplemental reporter's record shall be submitted to the
Clerk of this Court by September 28, 2004.

 It is so ordered.

 Per Curiam